Mr. Chief Justice Sharkey
delivered the opinion of the court.
A motion is made to dismiss this case for want of citation to the parties; the motion is resisted, on the ground that the plaintiffs in error used proper diligence to have the citations served. The statute requires that citation shall issue, and be served on the defendant in error, or the attorney of record, at least ten days before the term to which the writ of error is returnable ; and if it be not so issued and served, the writ of error shall be dismissed, “unless the court shall be satisfied *745 that such failure did not happen in consequence of the-negligence or default of the plaintiff in error, his agent or attorney.”
Two inquiries are involved in the case; first, were the citations served according to law; and second, if not, was it in consequence of the negligence or default of the plaintiff in error?
The writ of error issued on the 13th day of.November, 1839, and on the same- day citations were issued; one directed to the sheriff of Warren county, which was-received and executed on William H. Paxton, on the 19th of November. William H. & A. M. Paxton were the attorneys for one of the defendants, and the-service being more than ten days before the return day of the writ' of error, was sufficient. One other citation was issued to Madison county, which was served on Mitchell Calhoun the 20th November.; this was also sufficient. Another was directed to the sheriff of J^inds county, which was received by him on the 15th of November. On the 28th of November it was executed on J. C. Mitchell, one of the defendants, who was also attorney for both of the Calhouns. This was only four days before the return day of the writ of error, and six days short of the length of service required by the state, and consequently insufficient, unless the omission is excused by the vigilance of the plaintiff.
The obvious meaning of the statute is, that the case shall not be dismissed, although the citation was not served ten days before the return day, if the court shall be satisfied that the plaintiff has done his duty. Tigilance is imposed on him, and if he exercise it, he is not to suffer when he has done all that he can. The plaintiffs obtained the citations on the day the writ issued, and in a very few days all of them were placed in the hands of the proper officers, although some of them were directed to other counties. Thus far the law was complied with. The plaintiff should see that his citations issue, and that they are placed in the hands of the sheriff, who is the proper officer to serve them, but it would be highly oppressive to turn him out of court for the fault of the sheriff. These citations may be sent to any part of the state, and the plaintiff cannot be expected to follow them, and see that the officer serves them. When they are *746 placed in the hands of the sheriff his duty begins, and the plaintiff’s ceases. A failure to execute cannot then be ascribed to the negligence or default of the plaintiff’, because it is presumed that the sheriff will do his duty. In addition, however, to placing the citation in the hands of the sheriff of Hinds county in due time, it appears by affidavit that he was specially requested to serve it immediately on the defendant, who was also attorney for two of his co-defendants. Under these circumstances we are satisfied that the showing is sufficient to exempt the plaintiffs from an imputation of negligence or default.
We cannot think either that the citation can be served only on the defendant; if it be served on the attorney of record it comes clearly within the law.
Motion overruled.